IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAYMOND NEWSON,

    Plaintiff,                    No. CIV S-11-0833 DAD (TEMP) P

  vs.

FREDERICK C. HOLBROOK, et al.,    <u>ORDER AND</u>

                                                                                 <u>FINDINGS AND RECOMMENDATIONS</u>

    Defendants.

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, ___U.S.___, ___, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at 1949.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 551

U.S. 89, 94 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

   Plaintiff complains about the processing of a complaint he filed with the California Medical Board. He seeks $900,000 in damages. Plaintiff asserts his right to due process under the Fourteenth Amendment has been violated. However, plaintiff has failed to allege any facts indicating that he has been deprived of "life," "liberty," or "property" protected by the Due Process Clause as a result of the Medical Board's failure to issue a decision in response to his claim. Plaintiff also alleges that this court has the authority under 5 U.S.C. §706 to review decisions of the California Medical Board. However, 5 U.S.C. §706 pertains to judicial review of decisions by rendered by federal agencies, not state agencies such as the California Medical Board. Finally, plaintiff asserts he has been denied rights arising under the Americans with Disabilities Act (ADA). Plaintiff cannot state a cognizable ADA claim because he has not alleged that he was denied participation in, or denied the benefits of the services, activities or programs of a public entity because he is disabled. See 42 U.S.C. § 12132.

   Plaintiff's complaint fails to state a claim upon which relief can be granted. Under certain circumstances, the court would grant plaintiff leave to file an amended complaint to attempt to cure the deficiencies noted above. However, in this case it does not appear possible for plaintiff to state any federal claim upon which he could proceed concerning action taken by the California Medical Board or any of its employees. Therefore, the court will recommend that plaintiff's complaint be dismissed with prejudice.

   Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court assign a district court judge to this case; and

   IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice for failure to state a claim upon which relief can be granted.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-

1 one days after being served with these findings and recommendations, plaintiff may file written
2 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
3 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the
4 specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
5 F.2d 1153 (9th Cir. 1991).
6 DATED: April 9, 2011.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kc
news0833.dis